678 May 22, 2024 No. 339

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PATRICK WAYNE CROWSON,
*Defendant-Appellant.*

Union County Circuit Court
21CR29111, 21CR52796; A179607 (Control), A179608

Robert S. Raschio, Judge.

Submitted April 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

In Case No. 21CR29111, Count 1 reversed and remanded for entry of conviction of second-degree theft; remanded for resentencing; otherwise affirmed. In Case No. 21CR52796, remanded for resentencing; otherwise affirmed.

## PAGÁN, J.

Defendant appeals the judgment of conviction in Case No. 21CR29111 for first-degree theft, computer crime, and fraudulent use of a credit card. He assigns error to the denial of his motion for judgment of acquittal on the first-degree theft count, arguing that there was insufficient evidence that he was liable for the theft of property valued at $1,000 or more. We reverse the first-degree theft conviction and remand for entry of a conviction for the lesser-included offense of second-degree theft. Case No. 21CR52796, was consolidated with Case No. 21CR29111 for trial, and the cases were also consolidated on appeal. In Case No. 21CR52796, defendant appeals the judgment of conviction for failure to appear. Defendant has not assigned any error on appeal in that case, but, as we will explain, we remand for resentencing in that case.

We review the denial of a motion for judgment of acquittal "to determine whether, viewing the facts and all reasonable inferences that may be drawn therefrom in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Powe*, 314 Or App 726, 728-29, 497 P3d 793 (2021).  As applicable here, first-degree theft requires proof that the defendant committed theft, and that the total value of the property in a single or aggregate transaction is $1,000 or more. ORS 164.055(1)(a).

We briefly summarize the evidence presented at trial that is relevant to the issue on appeal. Defendant came into possession of the victim's phone and wallet, which contained, among other things, a credit card. Ultimately, more than $1,400 in unauthorized charges were made on the victim's credit card, and someone used minutes from, and made changes to, her phone account. Defendant was identified as being involved, and when an officer interviewed him, defendant said that he had found the phone and wallet and he admitted that he had made some unauthorized purchases (totaling about $390) using a credit card from the wallet. The officer was able to view surveillance video from one of the stores in which the card was used. Video showed defendant making purchases in that store, and another video

showed someone associated with defendant making pur-
chases. There was no evidence that defendant was present
for the latter transaction.

At the close of the state's case, defendant moved for
a judgment of acquittal, arguing that there was insufficient
evidence to find that the value of the property that defendant
had taken was $1,000 or more—as required for first-degree
theft[1]—and that the state had also not adduced sufficient
evidence to allow a factfinder to find that defendant was lia-
ble for additional amounts through accomplice liability. The
trial court denied the motion and ultimately found defendant
guilty as charged. The trial court explained that it was apply-
ing accomplice liability, and it recounted what it recalled
about the second surveillance video evidence.[2] In describing
what it recalled about the officer's description of the contents
of the video, the trial court seemed to misremember or mis-
understand the officer's testimony. The court recounted that
defendant had been present during the second transaction,
and it relied on that and inferences that could be drawn from
it to find that defendant had provided the stolen credit card
to others, with the intent that they use it.

On appeal, defendant assigns error to the trial
court's denial of his motion for judgment of acquittal on the
first-degree theft count, making substantially the same
arguments that he made below. Having reviewed the record,
we agree with defendant. There is insufficient evidence that
defendant alone was responsible for taking $1,000 or more,
and there was insufficient evidence for a factfinder to make
a non-speculative finding that defendant acted as an accom-
plice so that he would be responsible for taking additional
property.

In Case No. 21CR29111, we therefore reverse the
first-degree theft conviction (Count 1), remand for entry of
a conviction of the lesser-included offense of second-degree
theft, and we remand the entire case for resentencing. The

---

[1]  ORS 164.055(1)(a) provides that a person commits the crime of theft in the
first degree when the "total value of the properly in a single or aggregate trans-
action is $1,000 or more."

[2]  The surveillance videos were neither played during the trial nor offered as
evidence. Rather, the investigating officer described what he had seen in the videos.

"entire case" here includes the consolidated case, Case No. 21CR52796, because they were consolidated below, tried together to the court, and they were sentenced together.[3] Both cases, therefore, were part of the same sentencing package, and must be resentenced together. *State v. Sheikh-Nur,* 285 Or App 529, 540, 398 P3d 472 (2017) (Remand of all of the consolidated cases was required when a conviction in only one of them was reversed, because "[t]he principle of preserving a sentencing 'package' applies in this context as well—that is, when cases are filed separately but tried and sentenced together.").

    In Case No. 21CR29111, Count 1 reversed and remanded for entry of conviction of second-degree theft; remanded for resentencing; otherwise affirmed. In Case No. 21CR52796, remanded for resentencing; otherwise affirmed.

---

[3] Evidence for the two cases was presented separately, but the trial court rendered both verdicts at the conclusion of the entire trial.