770 July 10, 2024 No. 490

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MIGUEL KICKING BUCK FLORES,
*Defendant-Appellant.*

Columbia County Circuit Court
21CR31911, 19CR59977; A178645 (Control), A178646

Michael T. Clarke, Judge.

Argued and submitted May 31, 2024.

Emily P. Seltzer, Deputy Publ5ic Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Armstrong, Senior Judge.

JOYCE, P. J.

Affirmed.

**JOYCE, J.**

In this consolidated appeal, defendant appeals from a judgment of conviction for coercion and a judgment revoking his probation based on that conviction. On appeal, he challenges the denial of his motion for judgment of acquittal on the coercion charge. He also argues that the trial court committed plain error by failing to properly instruct the jury on the culpable mental state for coercion. Consequently, he contends that the judgment revoking his probation must also be reversed. Because the record contains evidence that defendant knowingly compelled his partner to engage in conduct from which she had the legal right to abstain by instilling in her the fear that, if she abstained from the conduct, defendant would cause her physical injury, the trial court correctly denied the motion for judgment of acquittal. *See* ORS 163.275(1)(a) (defining coercion). Moreover, viewing the jury instructions as a whole, it is not obvious and beyond reasonable dispute that the trial court was required to provide further jury instructions. We therefore affirm.

*Motion for judgment of acquittal:* In reviewing the denial of a motion for a judgment of acquittal, we view "the facts and all reasonable inferences that may be drawn therefrom in the light most favorable to the state," to determine whether "a rational trier of fact could have found the essential elements of the crime provided beyond a reasonable doubt." *State v. Powe*, 314 Or App 726, 728-29, 497 P3d 793 (2021). The charges against defendant arose from an incident involving his partner. Defendant had a history of anger and physical violence towards the victim. In the time leading up to the offense, defendant had assaulted the victim and took her cell phone because he did not want her to contact anyone or to leave their shared apartment. On the day of the offense, while the victim had gone to retrieve something from her car, defendant shoved her and told her to "get the fuck back in the house." After defendant closed the door, a neighbor could hear screaming and called 9-1-1. Inside the house, defendant was "really mad" and told the victim that she was not going anywhere. When police arrived, defendant told the victim to go to the front window and tell police that she was okay. She did so. However, as she testified at trial,

that was not true; she was not okay. After she said she was okay, officers told the victim to come outside, but defendant stood between her and the door and told her that she could not go outside. He again told her to tell the police that she was fine and directed her movements around the apartment. Eventually defendant opened the door and officers arrested him for coercion.

At the close of the state's case, defendant moved for a judgment of acquittal, arguing that the state had failed to present evidence from which a rational trier of fact could conclude that defendant had engaged in coercion. On appeal, he contends that the state's evidence failed to demonstrate that he compelled the victim to falsely tell the police that she was okay (1) by instilling in her a fear of physical injury and (2) with knowledge that he was compelling her by instilling a fear of physical injury. We have reviewed the evidence and conclude that the state presented evidence from which a rational trier of fact could make those findings. Consequently, accepting for present purposes defendant's view of the necessary findings, we conclude that the trial court correctly denied the motion for judgment of acquittal.

*Culpable mental state jury instruction:* Defendant also argues that the trial court committed plain error by failing to instruct the jury that it had to find that defendant knew, when he compelled the victim to tell the police she was okay, that he did so by instilling in her a fear of physical injury. We conclude that the court did not plainly err in instructing the jury.

The trial court instructed the jury that, to find defendant guilty of coercion, it must find that defendant

"did unlawfully and knowingly compel or induce [the victim] to engage in conduct from which [the victim] had a legal right to abstain; to wit, lying to the police by means of instilling in [the victim] a fear that if [the victim] refrained from the conduct compelled or induced, defendant would unlawfully cause physical injury to [the victim]."

The court further instructed the jury on the term "knowingly":

"When used in the phrase * * * knowingly compelled [the victim] to engage in conduct from which [the victim] had a legal right to abstain; to wit, lying to police, knowingly or with knowledge means that the person acts with an awareness that * * * his conduct is of that particular nature."

In defendant's view, the trial court plainly erred by failing to expressly instruct the jury that it had to find that defendant knew that he was compelling the victim to lie by instilling in her a fear of physical injury in particular. That is, in his view, in its second instruction set out above, the court should have included that defendant had to act with an awareness that his conduct compelled the victim "by means of instilling a fear that, if [the victim] refrained from the conduct compelled or induced, defendant would unlawfully cause physical injury to [the victim]." Framed slightly differently, defendant maintains that the trial court plainly erred by failing to both instruct that defendant knowingly compelled the victim to lie *and* that he knowingly instilled in her a fear of physical injury if she did not lie to the police.

Accepting, for present purposes, defendant's premise that the jury had to find both that (1) defendant knew that his conduct compelled the victim to tell the police she was okay and (2) he knew that it made her do that by instilling a fear of physical injury, we nevertheless conclude that any instructional error was not plain. Defendant's argument treats those two issues of knowledge as if they address separate elements, and his view is that the jury would not have understood that it had to find knowledge that the compulsion was by means of instilling a fear of physical injury without an instruction expressly stating that.

However, in our view, the two knowledge issues are intertwined, not separable into discrete issues on which the court plainly had to instruct the jury separately. The parties agree that defendant had to compel the victim and that his conduct had to compel her by means of instilling a fear of physical injury. In that circumstance, and given the facts of this case, defendant's knowledge that his conduct was compelling the victim to do something at least arguably encompasses knowledge of how the compulsion was working—that it was compelling her by instilling a fear of physical injury.

In other words, under these circumstances, by being aware of the particular nature of his conduct in compelling the victim to act, defendant would also have known that the way the compelling conduct worked was by instilling a fear of physical injury.

Given that, it is reasonably in dispute whether the jury would have understood the instructions given to allow it to find defendant guilty without finding that he knew that, when he compelled the victim to lie to the police, he did so by means of instilling in her a fear of physical injury. As set out above, the court instructed the jury that defendant had to "knowingly compel or induce" the victim to lie to the police "by means of instilling" in her a fear that, if she did not, "defendant would unlawfully cause physical injury" to her. In these circumstances, the fact that defendant had to *knowingly* compel or induce the victim at least arguably carries with it a requirement that defendant know how the compulsion worked—by instilling a fear of physical injury.

It is true that the court's additional instruction, explaining the meaning of "knowingly or with knowledge" "[w]hen used in the phrase *** knowingly compelled [the victim] to engage in conduct from which [the victim] had a legal right to abstain," would be clearer if it included the additional phrase "by means of instilling in [the victim] a fear that if [the victim] refrained from the conduct compelled or induced, defendant would unlawfully cause physical injury to [the victim]." But, because the two knowledge issues are intertwined, and because the court's general instruction correctly stated that defendant's conduct had to be done knowingly, the court's failure to include the rest of the phrase in the second instruction is not obviously incorrect or confusing such that giving it was plain error. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (for a claimed error to be "plain," it must be obvious and not reasonably in dispute).

Affirmed.