668 February 5, 2025 No. 80

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICOLE LEE TEWS,
*Defendant-Appellant.*

Lane County Circuit Court
22CR33618; A181143

Kamala H. Shugar, Judge.

Argued and submitted November 20, 2024.

Kali Montague, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Conviction on Count 1 reversed; remanded for resentencing; otherwise affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for coercion, unlawful use of a weapon with a firearm, and menacing. Defendant first assigns error to the trial court's denial of her motion for judgment of acquittal on the coercion charge. In an unpreserved assignment of error, defendant also contends that the trial court plainly erred when it failed to *sua sponte* instruct the jury that unlawful "use" of a firearm means the unlawful discharge or threatened discharge of a firearm. We reverse defendant's conviction for coercion and otherwise affirm.

*Motion for judgment of acquittal:* We review the denial of a motion for judgment of acquittal to determine whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Powe*, 314 Or App 726, 728-29, 497 P3d 793 (2021). In making that determination, we view "the facts and all reasonable inferences that may be drawn therefrom in the light most favorable to the state." *Id.*

As relevant here, ORS 163.275(1)(a) proscribes compelling another person to refrain from conduct by instilling in them a fear that failure to comply will result in physical injury. "The target of the law is the effective use of fear to induce compliance with a demand." *State v. Robertson*, 293 Or 402, 418, 649 P2d 569 (1982) (discussing prior version of coercion statute). "The essence of coercion is fear-induced compliance, *i.e.*, the victim complies *because he or she is afraid*, not for some independent reason." *State v. Pedersen*, 242 Or App 305, 313, 255 P3d 556, *rev den*, 351 Or 254 (2011) (evidence that victim was preoccupied with dealing with the defendant's violent and erratic conduct did not establish that victim's conduct was induced by fear of defendant causing physical injury).

As framed by the charge here, the state was required to prove that defendant induced the victims, S and A, to refrain from doing something that they had a legal right to do—leaving a highway turnout—by making them fear that she would use a firearm to shoot them. *State v. Phillips*, 206 Or App 90, 95, 135 P3d 461, *rev den*, 341 Or

548 (2006) (setting out elements). Viewing the record in the light most favorable to the state, a rational trier of fact could not find the elements of the offense to be proved, specifically, that S and A altered their conduct because they feared defendant would shoot them. Defendant was asleep in her pickup truck on a rural highway turnout when S and A pulled into the turnout to tighten their load; their encounter began when defendant shouted at S and A as they were getting into the cab of their idling logging truck. The record in this case supports an inference that she wanted them to refrain from leaving the highway turnoff, that she wanted them to talk to her, and that she displayed a firearm. But S and A both maintained throughout their testimony that they could not hear what defendant was saying over the sound of the truck, that they were concerned and angered by the situation because of defendant's erratic behavior, and, significantly, that they were not, in fact, afraid that she would shoot them.[1] Moreover, the record does not contain any other evidence that suggests that they changed their behavior to comply with her wishes. They remained at the turnout momentarily as a result of defendant's conduct, *i.e.* because she physically prevented them from leaving by stepping into the path of their logging truck before walking to the driver's side window. But the fact that she physically obstructed their movement does not provide a basis to infer that the victims changed their behavior as a result of a fear that she would shoot them. *See Pedersen*, 242 Or App at 313 (trial court should have granted motion for judgment of acquittal when there was no evidence that victim was actually provoked to change his conduct). The trial court therefore should have granted defendant's motion for judgment of acquittal.

*Jury instruction:* In her second assignment of error, defendant argues that the trial court should have, *sua sponte*, instructed the jury that the "use or threatened use" of a firearm (for purposes of the unlawful use of a weapon offense) means "the discharge or threatened discharge" of

---

[1] When defendant took out her firearm, S and A were in the cab of a logging truck with the engine running; S testified that he was willing to run her over if he thought that she would shoot at them. Both S and A testified that defendant did not point the gun at them.

a firearm. *State v. Harris*, 174 Or App 105, 113, 25 P3d 404 (2001). Defendant acknowledges that this claim of error is not preserved and that we are limited to plain-error review. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013); *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."). When an error is plain, we decide whether to exercise our discretion to correct it. *State v. Serrano*, 355 Or 172, 179, 324 P3d 1274 (2014), *cert den*, 576 US 1037 (2015).

Even if the failure to give this jury instruction was plain error, we would not exercise our discretion to correct it in these circumstances. *See State v. Horton*, 327 Or App 256, 264, 535 P3d 338 (2023) (even if a plain error is not harmless as a matter of law, the likelihood that the error affected the outcome goes to its "gravity" and to "the ends of justice"). The trial court correctly instructed the jury on the statutory elements of the offense, *see State v. Harryman*, 277 Or App 346, 358, 371 P3d 1213, *rev den*, 360 Or 401 (2016), and the verdict form directed the jury to make a specific finding that defendant used or threatened to use a firearm. Defendant made no arguments below suggesting that her "use" of the firearm during the encounter was in dispute, and there is nothing in the evidentiary record that suggests defendant used the firearm in an atypical manner. *Cf. Harris*, 174 Or App at 112-13 (use of rifle as a club legally insufficient to prove "use or threatened use" of a firearm). Given those circumstances, we are persuaded that, even if the court's failure to instruct on the meaning of "use" was plain error and was not harmless, the chance that giving that instruction would have caused the jury to find that defendant did not use or threaten to use the firearm is so low that we would not exercise our discretion to correct it.

Conviction on Count 1 reversed; remanded for resentencing; otherwise affirmed.