Submitted May 29, portion of judgment requiring defendant to pay attorney fees reversed and remanded; otherwise affirmed July 1, 2015

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## NATHAN LEE NICKERSON,
*Defendant-Appellant.*

Lincoln County Circuit Court
131832; A154909

354 P3d 758

Peter Gartlan, Chief Defender, and Laura E. Coffin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

GARRETT, J.

**GARRETT, J.**

Defendant appeals a judgment of conviction for one count of second-degree assault, ORS 163.175, and one count of tampering with physical evidence, ORS 162.295. We affirm those convictions without written discussion and write only to address defendant's second assignment of error, which challenges the trial court's imposition of court-appointed attorney fees. Defendant concedes that this assignment of error is unpreserved but requests that we review it as plain error. We conclude that the trial court plainly erred and exercise our discretion to correct the error. We therefore reverse and remand.

The trial court sentenced defendant to 70 months in prison and imposed a court-appointed attorney fee in the amount of $1,500. During sentencing proceedings, defendant disputed the state's assertion that he had broken his hand while punching someone during the assault and instead stated that the injury had occurred "at work." On appeal, defendant raises an unpreserved challenge to the imposition of the attorney fee on the ground that "[t]he record contains no evidence of defendant's ability to pay upon which to base a finding." An unpreserved error is reviewable as "plain error" if "(1) the error is one of law; (2) the legal point is obvious—that is, not reasonably in dispute; and (3) to reach the error, we need not go outside the record or choose between competing inferences to find it." *State v. Fernaays*, 263 Or App 407, 413, 328 P3d 792, *rev den*, 356 Or 397 (2014) (internal quotation marks and brackets omitted); *see also* ORAP 5.45(1). If we conclude that the asserted error is plain, we must decide whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). In making that decision, we consider, among other things,

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way[.]"

*Id.* at 382 n 6.

In this case, the alleged error—that, in order to impose court-appointed attorney fees under ORS 151.505 and ORS 161.665, there must be evidence in the record that the defendant is or may be able to pay them—is legal error and not reasonably in dispute. *See Bacote v. Johnson*, 333 Or 28, 32, 35 P3d 1019 (2001) ("To resolve the parties' dispute over what a court must do in determining a person's ability to pay costs under ORS 151.505, we must construe the statute."); *State v. Below*, 264 Or App 384, 385, 332 P3d 329 (2014) ("Under ORS 151.505 and ORS 161.665, a trial court may order a defendant to pay court-appointed attorney fees and other costs. However, in order for a court to do so, there must be evidence that the defendant 'is or may be able to pay' the fees and costs."); *State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (the burden is on the state to prove that a defendant is or may be able to pay fees); *State v. Pendergrapht*, 251 Or App 630, 634, 284 P3d 573 (2012) ("A court cannot impose fees based on pure speculation that a defendant has funds to pay the fees or may acquire them in the future.").

In arguing that any error here was not "plain," the state focuses on the third inquiry—whether, to reach the error, we would have to go outside of the record or choose between competing inferences. Defendant contends that the record contained "no evidence of defendant's ability to pay" and that "the trial court found that defendant was indigent." The state counters that the record demonstrates that "defendant was recently employed and was employable," and argues that "as long as the record suggests that the defendant 'may be able to pay' fees at some point in the future * * * the court may impose fees."

Our recent decisions in *State v. Jaimes-Pineda*, 271 Or App 75, 81, 350 P3d 465 (2015), and *State v. Hunt*, 271 Or App 347, 351, 350 P3d 521 (2015), are illustrative. In *Jaimes-Pineda*, the defendant asserted that the trial court had plainly erred in imposing $1,300 in court-appointed attorney fees on a record that established that the defendant "was unemployed and indigent" and "was unable to pay the fees." 271 Or App at 81. We disagreed, concluding that the record contained sufficient evidence of the defendant's

ability to pay, including that the defendant was "'a farm equipment mechanic,'" that he usually found work when he "'goes into farms,'" and that the defendant "'was expecting to be going back to work fairly soon in the very near future.'" *Id*. at 82.

In *Hunt*, the defendant argued that the trial court had plainly erred in imposing $510 in court-appointed attorney fees because "the record is silent regarding defendant's ability to pay that amount." 271 Or App at 351. In that case, the defendant's counsel provided the court with information about the "defendant's age, health and alcohol addiction issues, and current employment status" that was "unrelated to defendant's ability to pay the attorney fees ordered by the court." *Id*. at 352. We held that, "[e]ven with that information, it is apparent from the record and not reasonably in dispute that the state failed to present evidence of defendant's ability to pay, and, therefore, the trial court erred when it concluded that defendant was able to pay those fees." *Id*.

Here, the state does not identify any evidence that it offered to establish defendant's ability to pay the attorney fee. Nonetheless, the state asserts that the record shows that defendant may be able to pay the court-imposed fees because "defendant was recently employed and was employable." But the evidence cited by the state does not support that contention. That evidence is limited to a statement during sentencing in which defendant disputed the state's assertion that he had broken his hand while punching someone and stated that the injury had occurred "at work." That isolated statement told the court nothing about the nature of his present employment or future prospects, nor did it inform the court about the likelihood of defendant's ability to pay the fees upon his release after nearly seven years of incarceration. Given those circumstances, we need not choose between competing inferences from the record; rather, the record simply does not contain evidence of defendant's present or potential ability to pay. In the absence of such evidence, the state failed to meet its burden and the trial court plainly erred in imposing the attorney fee pursuant to ORS 151.505 and ORS 161.665.

In light of that conclusion, we must next determine whether to exercise our discretion to correct the trial court's error. The state urges that any error is not grave because defendant was sentenced to only 70 months of imprisonment and because the amount imposed—$1,500—is "relatively small." The state also observes that, if defendant is, in fact, unable to pay those fees, he may petition the court for relief pursuant to ORS 151.505(4) (if the court is convinced that "payment of the amount due will impose manifest hardship on [the defendant] *** , the court may enter a supplemental judgment that remits all or part of the amount due or modifies the method of payment"). Finally, the state asserts that, if defendant had called the error to the trial court's attention, then the state likely could have obtained further evidence concerning defendant's ability to pay.

We have rejected similar arguments made by the state in other cases and do so here. In *Hunt*, the defendant was sentenced to far less prison time (14 months) than the term in this case and was assessed roughly one-third the amount of attorney fees ($510). 271 Or App at 353. We concluded that the length of the defendant's 14-month sentence, in light of the fact that "[t]he record contain[ed] no evidence that he has another source of income or that he has or will have the capacity to pay the fees," amounted to an error, the "gravity [of which] weighs in favor of correcti[on]." *Id.; cf. State v. Baco*, 262 Or App 169, 171, 324 P3d 491 (2014) (holding that a trial court's error in imposing attorney fees on the defendant absent sufficient evidence of his ability to pay was "not grave" and declining to correct it "because $510 is not a substantial amount given that defendant's probationary sentence does not prevent him from working"). Moreover, as to the state's argument that the defendant should have brought this issue to the trial court's attention, we noted in *Hunt* that the state's position would "place the onus on defendant to establish his or her ability to pay on the record or to object when the state has failed to do so" despite "the state's burden to establish the defendant's ability to pay and the trial court's affirmative duty to ensure that the statutory requirements have been satisfied before imposing attorney fees[.]" 271 Or App at 352-53.

In short, considering defendant's circumstances—including the length of his prison sentence and the amount of fees imposed—in light of *Hunt* and *Baco*, we exercise our discretion to correct the error.

Portion of judgment requiring defendant to pay attorney fees reversed and remanded; otherwise affirmed.