SHORR, J.
*294 Defendant appeals two judgments of conviction, entered after a combined trial with codefendant Mendoza-Sanchez, his father, for various sexual offenses.[1] See State v. Mendoza-Sanchez , 291 Or. App. 299, 419 P.3d 765 (2018). In his first assignment of error, he challenges the trial court's exclusion of expert testimony from a child psychologist about memory source confusion, which defendant claims was relevant to demonstrate that the complainants' memories had been altered over time such that they may have been confused about the identity of their abusers. The state argues that defendant did not preserve his claim because he did not join in his codefendant's theory of misidentification or argue the defense theory himself, and, in any event, because codefendant abandoned his attempt to introduce the evidence when the court made a preliminary ruling excluding a portion of the expert's testimony. We write only to address the state's preservation arguments, and conclude that defendant adequately preserved his challenge for appellate review. And, for the *763 reasons explained in Mendoza-Sanchez , we conclude that the trial court erred in excluding the expert testimony, and that the error was not harmless. Mendoza-Sanchez , 291 Or. App. at ----, 419 P.3d 765. We therefore reverse and remand defendant's convictions.[2]
Preservation is required "to advance goals such as ensuring that the positions of the parties are presented clearly to the initial tribunal and that parties are not taken by surprise, misled, or denied opportunities to meet an argument," State v. Whitmore , 257 Or. App. 664, 666, 307 P.3d 552 (2013) (internal quotation marks omitted), and to give the trial court "the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or *295 correcting one already made, which in turn may obviate the need for an appeal," Peeples v. Lampert , 345 Or. 209, 219, 191 P.3d 637 (2008). Preservation also "fosters full development of the record, which aids the trial court in making a decision and the appellate court in reviewing it." Id . at 219-20, 191 P.3d 637. "Ultimately, the preservation rule is a practical one, and close calls *** inevitably will turn on whether, given the particular record of a case, the court concludes that the policies underlying the rule have been sufficiently served." State v. Parkins , 346 Or. 333, 341, 211 P.3d 262 (2009). This case presents a close call, and, thus, we examine the record to determine if the purposes of preservation have been met.
We begin with the state's argument that defendant failed to preserve his challenge by not joining in codefendant's argument in favor of admissibility. Before trial, the state filed identical motions in limine in both cases, seeking to prevent the defendants from calling to the stand Dr. Bourg, a psychologist who specializes in child forensic interviewing. In support of those motions, the state asserted that it did not intend to offer "child" hearsay by calling any forensic interviewers in its case-in-chief, because the complainants were adults at the time of their interviews. The state argued that any expert testimony about child forensic interviewing was therefore irrelevant. Neither defendant nor codefendant responded to the motion in writing, and the court did not hear argument until after the state rested its case. At that time, codefendant called Bourg to the stand for an offer of proof, after which the trial court granted the state's motion in part, ruling that Bourg would be permitted to testify generally about memory and child interviewing, but not about the concept of memory source confusion. See Mendoza-Sanchez , 291 Or. App. at ----, 419 P.3d 765 (discussing evidence elicited at hearing on offer of proof and the court's ruling).
The state correctly observes that defendant did not explicitly join in codefendant's offer of proof and made no independent argument or objection to the court's ruling limiting the expert testimony. It also observes that, at other times during the pretrial proceedings, counsel for both defendant and codefendant did explicitly join in each other's arguments. Furthermore, the state argues that defendant's *296 "opening and closing arguments demonstrate that he made a choice not to litigate the admissibility of Dr. Bourg's testimony, because that testimony was immaterial to his arguments." That is, defendant's arguments were focused on whether the complainants had fabricated their stories of abuse entirely, not on whether the complainants had misidentified their abusers. The state contends that defendant opted to pursue a different trial strategy than codefendant, and thus he should not be permitted to adopt codefendant's strategy on appeal.
Defendant, on the other hand, contends that Bourg's expert testimony was integral to both his and codefendant's theories of defense. He argues that it was clear to the trial court and all parties that the defenses were intertwined, and that Bourg was being offered as a joint witness. There is support in the record for defendant's contentions. For instance, when defendant filed a pretrial motion to dismiss for want of compulsory process, he stated that he could not present his defense without codefendant's testimony, explaining:
*764 "Defendant has conducted a thorough investigation over the course of the last two years. Over the course of that investigation, it has become apparent that [codefendant] is the only known person who is capable of explaining this multi-generational feud within the family. That testimony will be used to explain a potential source of motive and bias. It will also be used to help explain, during Dr. Wendy Bourg's testimony, how familial animosity or bias between a close family member can taint, direct, or otherwise influence these two young girls to allege horrific acts of abuse, more than a decade after they allegedly occurred. Absent that testimony, defendant will simply be unable to tell his side of the story."
(Emphasis added.) Then, during the hearing on the state's motion in limine to exclude Bourg's testimony, the state commented:
"[W]hat I anticipate is perhaps more so the reason why Dr. Bourg is being called to testify and that has to do with sort of perception, trauma, memory, recall and broader issues like that, whether there is or can be, source contamination or influence that occurs, whether there's been any suggestibility and my concern at this point is really a *297 concern about the need, uh, for expert testimony to assist this jury because there has not been, there has been statements made by the Defense attorneys in opening statements that there was contamination; that there was suggestibility . However, that has not been borne out by the testimony of the witnesses. * * * I'll let [counsel for codefendant] and [counsel for defendant] indicate exactly what they intend to call the doctor for with leave of the Court maybe a few more comments as well."
(Emphases added.) Finally, during Bourg's trial testimony, defendant was permitted to examine Bourg immediately after codefendant's direct examination, and was then permitted to reexamine Bourg after the state's cross-examination. Defendant argues that the order of Bourg's trial questioning, and the fact that defendant was permitted a reexamination of the witness, indicates that the court viewed Bourg as a joint defense witness.
Given the record of this case, we conclude that the goals of preservation were met. First, we note that it was the state's motion in limine , and thus the state had every opportunity to argue against the admissibility of Bourg's expert testimony. Then, when codefendant argued in favor of admissibility and Bourg testified during the offer of proof, the state was given a full and fair opportunity to meet the arguments now advanced by defendant on appeal. Likewise, the court was given a full and fair opportunity to evaluate the arguments now raised on appeal, and was not denied the opportunity to correct its error in limiting Bourg's testimony. In the context of this combined trial, we conclude that defendant's failure to orally join in codefendant's offer of proof or independently argue for the testimony's admissibility does not render his current challenge unpreserved. See, e.g. , State v. Riley , 288 Or. App. 264, 273-77, 406 P.3d 81 (2017) (although the defendant did not initially join in his codefendants' request for a jury concurrence instruction, the record demonstrated that the policies underlying the preservation rule were sufficiently met); see also State v. Montwheeler , 277 Or. App. 426, 439, 371 P.3d 1232 (2016) (correcting unpreserved error as plain, in part "because the defendants * * * were tried together, the policies behind the general rule requiring preservation of error were fully served when [the codefendant] raised the issue to the trial court").
*298 The state argues that, in any event, defendant's challenge is unpreserved because, after codefendant made the offer of proof on the admissibility of Bourg's memory source confusion testimony, codefendant "abandoned his attempt to pursue its admissibility" after the court made a preliminary ruling excluding a portion of Bourg's testimony. However, as we explained in Mendoza-Sanchez , 291 Or. App. at ----, 419 P.3d 765, the record does not show that codefendant abandoned his contention about the relevance of memory source confusion testimony or invited the error. Rather, the record shows that codefendant conceded the lack of relevance regarding another, distinct area of Bourg's expert testimony. The record clearly demonstrates that the court understood that codefendant's concession did not pertain to *765 Bourg's testimony on memory source confusion. Id . Thus, we reject the state's alternative preservation argument.
And, for the reasons explained in Mendoza-Sanchez , 291 Or. App. at ----, 419 P.3d 765, we conclude that the trial court erred in excluding Bourg's testimony on memory source confusion, and that error was not harmless.
In Case No. 13C46615, convictions for first-degree unlawful sexual penetration and first-degree sexual abuse reversed and remanded; otherwise affirmed. In Case No. 15CR06590, reversed and remanded.

Defendant was convicted, in Case No. 13C46615, of two counts of first-degree unlawful sexual penetration and three counts of first-degree sexual abuse; he was acquitted in that case of two counts of first-degree sodomy. Defendant was also convicted, in Case No. 15CR06590, of two counts of first-degree sodomy, two counts of first-degree unlawful sexual penetration, and three counts of first-degree sexual abuse.

Defendant also assigns error to the trial court's exclusion of evidence of the events and statements detailed in a police report offered by defendant and to its instruction to the jury permitting nonunanimous verdicts. Our disposition obviates the need to address those assignments.