Submitted January 16; remanded for resentencing, otherwise affirmed
February 5, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BILLY JAMES PARHAM,
aka Bill James Parham, aka Billy J. Parham,
aka Bill Parhan, aka Billy James Porham,
*Defendant-Appellant.*

Jackson County Circuit Court
14CR04777; A166736

456 P3d 690

Lisa C. Greif, Judge. (Judgment)

Lorenzo A. Mejia, Judge. (Supplemental Judgment)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Eric Johansen, Deputy Public Defender, Office of Public Defense Services, filed the opening brief and a supplemental brief for appellant. Billy James Parham filed the reply brief and a supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Sercombe, Senior Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted after a jury trial on one count of first-degree criminal mistreatment, ORS 163.205, three counts of aggravated identity theft, ORS 165.803, three counts of first-degree theft, ORS 164.055, and one count of first-degree aggravated theft, ORS 164.057. On appeal, he raises numerous challenges to his convictions and sentence. We reject defendant's challenges to his convictions without discussion. As for his challenges to his sentence, defendant contends, among other things, that the trial court plainly erred in imposing a sentence greater than the statutory maximum indeterminate sentence of 60 months on defendant's conviction for first-degree criminal mistreatment. The state concedes that the court plainly erred in this regard. As both parties acknowledge, this court regularly exercises its discretion to correct this type of error. We exercise our discretion to correct this error for the reasons set out in *State v. Ramos*, 254 Or App 748, 749, 295 P3d 176 (2013) (the error could significantly affect the defendant's sentence, it can be corrected with a minimum of judicial resources, and the state has no interest in the defendant serving an unlawful sentence). This disposition obviates the need to address defendant's remaining claims of sentencing errors because the issues they concern may not arise on remand.

Remanded for resentencing; otherwise affirmed.