Submitted January 16; convictions on Counts 4, 5, and 7 reversed and remanded for entry of a judgment of conviction on one count of first-degree sexual abuse, remanded for resentencing, otherwise affirmed February 5, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROGELIO MARTINEZ-MATEO,
*Defendant-Appellant.*

Washington County Circuit Court
17CR66507; A167800

456 P3d 690

Ricardo J. Menchaca, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Sercombe, Senior Judge.

PER CURIAM

Convictions on Counts 4, 5, and 7 reversed and remanded for entry of a judgment of conviction on one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for one count of first-degree rape, ORS 163.375, one count of second-degree sexual abuse, ORS 163.425, and three counts of first-degree sexual abuse, ORS 163.427. On appeal, he challenges the sufficiency of the evidence as to some of the convictions, and we reject those assignments of error without discussion. He also argues that the trial court erred in failing to merge the three first-degree sexual abuse verdicts (Counts 4, 5, and 7) and in imposing restitution in the amount of $2,632.99 to CARES Northwest for the cost of a medical evaluation of the victim. The state concedes that the trial court erred in failing to merge the first-degree sexual abuse verdicts. *See State v. Nelson*, 282 Or App 427, 386 P3d 73 (2016) (verdicts on sexual abuse counts should be merged where the defendant's conduct of sexually touching different body parts occurred in a single location and without pause). We agree and accept that concession. The state also concedes that restitution should not have been awarded to CARES Northwest under this circumstance. Again, we agree and accept the state's concession. *See, e.g.*, *State v. Reyes*, 299 Or App 369, 450 P3d 521 (2019) (concluding that restitution for cost of CARES Northwest evaluation was erroneous under *State v. Moreno-Hernandez*, 365 Or 175, 442 P3d 1092 (2019), and other cases).

Convictions on Counts 4, 5, and 7 reversed and remanded for entry of a judgment of conviction on one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.