Submitted October 29; in Case No. 18CR08523, conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed; in Case No. 18CR42276, convictions on Counts 3 and 5 reversed and remanded, remanded for resentencing, otherwise affirmed December 9, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PATRICK MICHAEL PALUDA,
*Defendant-Appellant.*

Washington County Circuit Court
18CR42276, 18CR08523;
A169750 (Control), A169748

479 P3d 345

Janelle F. Wipper, Judge.

Bear Wilner-Nugent filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

In Case No. 18CR08523, conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed. In Case No. 18CR42276, convictions on Counts 3 and 5 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals judgments of conviction in two consolidated domestic violence cases. In Case No. 18CR08523, defendant was convicted by nonunanimous jury verdict of assault in the fourth degree constituting domestic violence, ORS 163.160 and ORS 132.586 (Count 1), and harassment, ORS 166.065 (Count 2). In Case No. 18CR42276, defendant was convicted by nonunanimous jury verdict of assault in the second degree constituting domestic violence, ORS 163.175 and ORS 132.586 (Count 3), and strangulation, ORS 163.187 (Count 5).[1] Defendant contends that the trial court plainly erred under the Sixth Amendment to the United States Constitution when it entered judgments of conviction based on nonunanimous jury verdicts.

In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the United States Supreme Court concluded that nonunanimous jury verdicts violated the Sixth Amendment. In *State v. Ulery*, 366 Or 500, 501, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constituted plain error and exercised its discretion to correct that error in light of the gravity of the error and because failure to raise the issue in the trial court did not weigh heavily against correction because the trial court would not have been able to correct the error under controlling law.

The state concedes that the trial court's acceptance of nonunanimous verdicts in these cases constitutes reversible error as to Count 1 in Case No. 18CR08523 and Counts 3 and 5 in Case No. 18CR42276. The state does not concede that defendant's conviction for harassment (Count 2 in Case No. 18CR08523) should be reversed because, it argues, the maximum penalty for that offense, a Class B misdemeanor, is six months' imprisonment, and the Sixth Amendment jury-trial right does not apply to such offenses. In response to the state's argument, defendant concedes, given his failure to preserve an argument to the contrary, that the harassment count is subject to the Sixth Amendment's petty-offense exception, and that his conviction on that count may

---

[1] Defendant was also convicted of other crimes in Case No. 18CR42276 but does not challenge those convictions in this appeal.

therefore stand. We accept the parties' concessions and, for the reasons set forth in *Ulery*, we exercise our discretion to correct the error.

In Case No. 18CR08523, conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed. In Case No. 18CR42276, convictions on Counts 3 and 5 reversed and remanded; remanded for resentencing; otherwise affirmed.