Submitted January 27; remanded for resentencing, otherwise affirmed
March 10, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYSON CAMERON WELT,
*Defendant-Appellant.*

Benton County Circuit Court
19CR04873; A170561

483 P3d 56

David B. Connell, Senior Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals from a judgment of conviction for menacing, interfering with a peace officer, and second-degree disorderly conduct. Defendant challenges the trial court's refusal to give a witness-false-in-part jury instruction and the court's imposition of special conditions of probation related to drugs and alcohol. We affirm defendant's convictions but accept the state's concession that the trial court erred in imposing the special conditions of probation and remand for resentencing.

We reject defendant's challenge to the court's refusal to give a witness-false-in-party jury instruction, because defendant failed to preserve the argument he makes on appeal and does not request that we review for plain error. Below, defendant told the court that he would be requesting a witness-false-in-part instruction based on an argument that testimony of police officers supported the inference that the victim had lied about not brandishing or grabbing a firearm that he had on him during the incident with defendant. There was additional discussion in chambers to finalize jury instructions that was not made part of the record, after which, defendant made the following objection on the record: "As stated in chambers, I object to the un-inclusion or dis-inclusion of the witness false in part instruction[.]" On appeal, defendant argues that the court erred in not giving the instruction, because "[t]he evidence supported an inference that [the victim] willfully testified falsely about whether he told the police that he had a permit to carry a concealed weapon." That argument presents a different basis on which to give the witness-false-in-part instruction, which it does not appear on the record was presented to the trial court; accordingly, defendant's contention on appeal was not preserved. Also, defendant does not request that we conduct plain error review. As a result, we reject defendant's first assignment of error.

In his remaining assignments of error, defendant challenges the imposition of eight special probation conditions related to drugs and alcohol[1] when his convictions

---

[1] Defendant challenges eight special conditions of probation on appeal which required defendant to complete a substance abuse evaluation and recommended

were not connected to the use of substances, because those conditions are not "reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer, or both." ORS 137.540(2). The state concedes that the trial court erred in imposing those special conditions of probation. We agree with and accept the state's concession and conclude that the challenged special conditions of probation are invalid. *See, e.g.*, *State v. Borders*, 293 Or App 791, 429 P3d 1067 (2018) (special probation conditions related to alcohol use did not meet requirements of ORS 137.540(2) where the crime of conviction was not connected to the defendant's alcohol use, even though the defendant had a history of driving while intoxicated).

Remanded for resentencing; otherwise affirmed.

---

treatment, and prohibited defendant from consuming or possessing alcoholic beverages, entering establishments where alcohol is the primary sale item, possessing or using controlled substances or intoxicating inhalants, possessing or using drug paraphernalia, associating with any person known to "use, sell, manufacture, deliver, or possess unlawful controlled substances or narcotics," being present at any place "where unlawful controlled substances are used, kept, sold, grown, manufactured, or distributed," and serving as a "designated primary care giver" under the Oregon Medical Marijuana Act.