*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted August 17, 2022; Counts 2 and 9 reversed and remanded, remanded for resentencing, otherwise affirmed January 5, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BILLY JAMES PARHAM,
aka Bill James Parham, aka Billy J. Parham,
aka Bill Parhan, aka Billy James Porham,
*Defendant-Appellant.*

Jackson County Circuit Court
14CR04777; A174861

Lisa C. Greif, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Eric Johansen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Billy James Parham filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Counts 2 and 9 reversed and remanded; remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

This is defendant's third appeal, after having been resentenced twice following remands from this court. Defendant now appeals from a second-amended judgment of conviction for one count of first-degree criminal mistreatment (Count 1), ORS 163.205; three counts of aggravated identity theft (Counts 3, 4, and 5), ORS 165.803; and one count of first-degree theft (Count 6), ORS 164.055. The jury also found defendant guilty of a second count of first-degree criminal mistreatment (Count 2), which the court merged into Count 1, two additional counts of first-degree theft (Counts 7 and 8) and one count of first-degree aggravated theft (Count 9), which the court merged into Count 6. In defendant's first appeal, we rejected most of his claims, but remanded for resentencing after concluding that "the trial court plainly erred in imposing a sentence greater than the statutory maximum" on Count 1. *State v. Parham*, 302 Or App 179, 180, 456 P3d 690 (2020). In defendant's appeal after resentencing, we accepted the state's concession that the trial court erroneously resentenced defendant and vacated the judgment, remanding for a second resentencing on all counts.

In this third appeal, defendant first raises three assignments of error, one challenging the constitutionality of his aggregate 66-month prison sentence on remand and two others challenging the application of ORS 137.717 to enhance his sentences in Counts 4 and 5. In four *pro se* supplemental assignments, defendant respectively assigns error to the denial of his motion to disqualify the sentencing judge; to the court's imposition of consecutive sentences in Counts 3, 4, and 5; to the sufficiency of the evidence for Counts 3, 4, and 5; and to the court's refusal to order a new trial on two counts that were based on nonunanimous jury verdicts.

With regard to the nonunanimous jury verdicts, as explained below, the state concedes, and we agree, that defendant is entitled to a new trial on Counts 2 and 9, which the record reveals were the counts based on nonunanimous jury verdicts. We reject defendant's *pro se* challenge to the sufficiency of the evidence on Counts 3, 4, and 5, as those

counts were previously affirmed in his first appeal. We reject defendant's *pro se* challenge to the denial of his motion to recuse the sentencing judge as moot, because the judge is no longer on the bench and our reversal on Counts 2 and 9 requires that we remand the case for resentencing. For the same reason, we also do not reach defendant's assignments of error related to his sentencing. Thus, we reverse and remand Counts 2 and 9, remand for resentencing, and otherwise, affirm.

Accordingly, we write to address only defendant's fourth supplemental assignment of error. We review claims concerning nonunanimous jury verdicts—which qualify for reversal and remand as plain error—for legal error. *State v. Poston*, 309 Or App 377, 386, 482 P3d 778 (2021) (a "court's entry of judgment based on nonunanimous jury verdicts * * * [is] plainly erroneous and requires reversal").

On appeal, defendant argues, and the state concedes, that the trial court erred as a matter of law when it denied defendant's motion for a new trial based upon the nonunanimous jury verdict of 11-1 on Counts 2 and 9.[1] The Supreme Court has determined that "the nature of the error in [a nonunanimous verdict] is such that an appellate court ordinarily should review it." *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020). "[A] trial court's entry of judgments of conviction based on nonunanimous verdicts violates a defendant's right to a jury trial under the Sixth and Fourteenth Amendments to the United States Constitution." *Poston*, 309 Or App at 380 (citing *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), which concluded that the jury trial guarantee of the Sixth Amendment to the United States Constitution includes "a right to a unanimous verdict").

Here, the trial court erred as a matter of law by allowing a nonunanimous jury conviction against defendant. Defendant first raised this claim of error in his first appeal, and we rejected it, which was before the United

---

[1] In his brief, defendant's challenge to the jury's nonunanimous verdict refers to Counts 1 and 2, but the record shows, in accordance with the state's concession and defendant's first appeal, that the nonunanimous jury verdicts were on Counts 2 and 9.

States Supreme Court issued its decision in *Ramos* and before the Oregon Supreme Court issued its decision in *Ulery* or we issued our decision in *Poston. See Parham*, 302 Or App at 180. We generally do not revisit our decisions in prior appeals in the same case. However, in light of *Ramos*, *Ulery*, and *Poston*, we conclude that it is appropriate to do so here. Accordingly, we reverse and remand Counts 2 and 9 for a new trial considering defendant's constitutional right to a unanimous jury verdict.

Counts 2 and 9 reversed and remanded; remanded for resentencing; otherwise affirmed.