No. 601 November 15, 2023 205

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRANDON ANDREW RYCHARD,
*Defendant-Appellant.*

Marion County Circuit Court
20CR05581; A176610

Daniel J. Wren, Judge.

Submitted April 26, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Convictions for two counts of felony strangulation constituting domestic violence (Counts 5 and 9) reversed and remanded for entry of judgment of one conviction for felony strangulation constituting domestic violence; convictions for three counts of attempted second-degree assault constituting domestic violence (Counts 6, 8, 10) reversed and remanded for entry of judgment of one conviction for attempted second-degree assault constituting domestic violence; convictions for two counts of felony fourth-degree assault constituting domestic violence (Counts 11 and 12) reversed and remanded for entry of judgment of one conviction for

felony fourth-degree assault constituting domestic violence; remanded for resentencing; otherwise affirmed.

**PAGÁN, J.**

Defendant challenges convictions and sentences arising from two counts of felony strangulation constituting domestic violence (Counts 5 and 9), three counts of attempted second-degree assault constituting domestic violence (Counts 6, 8, and 10), two counts of felony fourth-degree assault constituting domestic violence (Counts 11 and 12), menacing constituting domestic violence (Count 13), extortion (Count 14), and coercion (Count 16).

On appeal, defendant raises 10 assignments of error. In the first assignment, defendant contends that the trial court erred in excluding evidence of an alleged altercation that occurred on December 25, 2019, several weeks before the charged incident. We reject that claim because we agree with the trial court that the evidence did not support a self-defense claim. *See State v. Oliphant*, 347 Or 175, 189-90, 218 P3d 1281 (2009) (given the facts and nature of the offenses, the defense of self-defense applied to some charges but not others); *State v. Bock*, 310 Or App 329, 342-44, 485 P3d 931 (2021) (same). Because the record did not support a self-defense claim, defendant's proffered testimony about the alleged prior attack on him by the victim was not relevant, and the court did not abuse its discretion in excluding that evidence.

In defendant's second assignment of error, defendant argues that the trial court erred in excluding evidence of the victim's prior experience of having the Department of Human Services remove a child from her custody. We reject that claim because the trial court acted within its discretion to preclude that evidence under OEC 403. *See State v. Hubbard*, 297 Or 789, 798, 688 P2d 1311 (1984) (trial court has discretion under OEC 403 to exclude evidence of a witness's interest or bias after an "initial showing" has been made).

For the eighth, ninth, and tenth assignments of error, the state concedes that the trial court erred by entering a number of separate convictions that are unsupported by the record. We agree with that concession and remand for resentencing. More specifically, defendant contends that the

trial court erred by failing to merge: (1) his strangulation guilty verdicts into a single conviction; (2) his attempted second-degree assault guilty verdicts into a single conviction; and (3) his fourth-degree assault guilty verdicts into a single conviction. The trial court erred by not merging the guilty verdicts because the offenses did not arise from separate criminal episodes or were not separated from each other by a sufficient pause. *See* ORS 161.067(3) (merger of guilty verdicts required for multiple violations of the same statutory provision, against one victim, and occurring during the same criminal episode, except when the violations are separated by a sufficient pause).

Because of the failure-to-merge errors, we reverse and remand the case for resentencing. ORS 138.257(4). Based on that disposition, we need not address defendant's third, fourth, fifth, sixth, and seventh assignments of error because those arguments can be addressed, if necessary, at the resentencing hearing. *See, e.g., State v. Colgrove*, 308 Or App 441, 445-46, 480 P3d 1026 (2021) (not reaching additional claims because the case already was being remanded for resentencing); *see also State v. Parham,* 302 Or App 179, 180, 456 P3d 690 (2020) (remand for resentencing "obviate[d] the need to address defendant's remaining claims of sentencing errors because the issues they concern may not arise on remand").

Convictions for two counts of felony strangulation constituting domestic violence (Counts 5 and 9) reversed and remanded for entry of judgment of one conviction for felony strangulation constituting domestic violence; convictions for three counts of attempted second-degree assault constituting domestic violence (Counts 6, 8, 10) reversed and remanded for entry of judgment of one conviction for attempted second-degree assault constituting domestic violence; convictions for two counts of felony fourth-degree assault constituting domestic violence (Counts 11 and 12) reversed and remanded for entry of judgment of one conviction for felony fourth-degree assault constituting domestic violence; remanded for resentencing; otherwise affirmed.