724 July 10, 2024 No. 484

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HAFEEZ ADEWALE FASASI,
*Defendant-Appellant.*

Washington County Circuit Court
20CR63410; A178614

Theodore E. Sims, Judge.

Submitted November 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Chief Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Convictions on Counts 2 and 4 reversed and remanded for entry of judgment of conviction for one count of identity theft; remanded for resentencing; otherwise affirmed.

## POWERS, J.

Defendant appeals from a judgment convicting him of two counts of first-degree forgery (Counts 1 and 3), three counts of identity theft (Counts 2, 4, and 6), and one count of second-degree forgery (Count 5). He raises six assignments of error. His first four assignments relate to the forgery counts, in which he challenges the sufficiency of the evidence for those convictions and also assigns error to the trial court's failure to merge Counts 1 and 3. In his fifth assignment of error, defendant contends that the court erred in failing to merge two of the identity theft convictions, Counts 2 and 4. The state concedes that the court erred in failing to merge the identity theft convictions. As explained below, we accept the state's concession and remand the case for resentencing but otherwise affirm. That disposition obviates the need to address defendant's final assignment of error challenging a departure sentence on Count 3.

The pertinent facts are few and undisputed. The victim's checkbook containing blank checks was stolen during a burglary of his apartment. Some months later, defendant contacted an acquaintance, JB, and asked that she deposit two $1,000 checks for him because he did not have a bank account. JB deposited the checks using her bank's mobile app. She then gave defendant $500 in cash and electronically transferred the remaining $1,500 to a Cash App account that defendant provided her.

Approximately a month later, defendant asked JB to deposit a third check in the amount of $700. A tear in the check made it difficult for JB to deposit, so defendant told JB that he would go home and get a new check. He returned five to ten minutes later with a check that looked identical but was not torn. JB deposited the check and gave defendant $500 but was unable to transfer the remaining $200 to the same Cash App account. JB contacted police after her bank froze her account due to fraudulent activity. All three checks that defendant gave JB were for an account that belonged to the victim. Defendant was indicted on first- and second-degree forgery charges and three counts of identity theft, and a jury found him guilty of all charges.

On appeal, defendant argues in his first three assignments of error that the trial court erred when it denied his motion for judgment of acquittal on the three forgery charges. He contends that the state's evidence was insufficient to support a finding that defendant falsely made, completed, or altered the checks. *See* ORS 165.007(1)(a) (prohibiting falsely making, completing, or altering a written instrument). Specifically, defendant contends that the state offered no evidence to support that he completed the checks or that it was his handwriting; thus, he argues that the jury's finding that he forged the checks required an impermissible stacking of inferences. *See State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004) (explaining that there is a difference between inferences drawn from circumstantial evidence and those drawn from mere speculation and observing that "[r]easonable inferences are permissible; speculation and guesswork are not").

A judgment of acquittal is appropriate if the evidence is insufficient to support a verdict. *State v. Cunningham*, 320 Or 47, 61-62, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). We review a trial court's denial of a motion for judgment of acquittal for legal error, viewing the facts and reasonable inferences that can be drawn from the facts in the light most favorable to the state. *State v. Newkirk*, 319 Or App 131, 133, 509 P3d 757, *rev den*, 370 Or 214 (2022); *see also State v. Hedgpeth*, 365 Or 724, 733, 452 P3d 948 (2019) (explaining that "the question is whether the factfinder reasonably could infer that a particular fact flows from other proven facts, not whether the inference necessarily flows from the proven facts" (emphasis omitted)). Under that standard, we conclude that the record sufficiently supported the trial court's denial of defendant's motion.

The record contains evidence that the victim's checks were blank when they were stolen, that defendant had the checks in his possession, and that they were completed when defendant provided them to JB. Further, when a torn edge prevented the third check from depositing, defendant left and returned five to ten minutes later with a new, completed check that was not torn. JB gave defendant cash for the checks or sent money to a mobile app account as

requested by defendant. Viewed in the light most favorable to the state, there was sufficient direct and circumstantial evidence for a rational trier of fact to reasonably infer that defendant completed the checks. *See Bivins*, 191 Or App at 466-67 (explaining that "the requirement that the jury be convinced beyond a reasonable doubt does not mean that a particular inference must inevitably follow from the established facts. Rather, the established facts may support multiple reasonable inferences and, if they do, which inference to draw is for the jury to decide" (citation omitted)).

Defendant next contends that the trial court erred by not merging the guilty verdicts for the two first-degree forgery charges into a single conviction. To avoid merger, repeated violations of the same statutory provision against the same victim "must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." ORS 161.067(3). Defendant argues that the state failed to meet its burden of proving that there was a sufficient pause between the violations because it did not establish when the two $1,000 checks were forged. Defendant did not raise the issue before the trial court and asks that we review for plain error.

Defendant's claim fails to meet the requirements for plain-error review. We may review an unpreserved error if it is one of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose between competing inferences. *State v. Nickerson*, 272 Or App 155, 156, 354 P3d 758 (2015). If the claim meets those three prerequisites, we must then decide whether to exercise our discretion to correct the error. *Id*. Here, the state adduced evidence that the two checks had different dates and different payees. That evidence suggests a reasonable possibility that defendant forged the checks at different times. Thus, because there is a reasonable dispute as to whether there was a sufficient pause between forging each check, defendant's claim is not one of plain error.

In a similar argument, defendant contends that the trial court plainly erred by not merging the guilty verdicts for identity theft in Counts 2 and 4. The jury convicted defendant

based on the state's theory at trial that defendant "possessed" the victim's checks with the intent to defraud. *See* ORS 165.800(1) ("A person commits the crime of identity theft if the person, with the intent to deceive or to defraud, obtains, possesses, transfers, creates, utters or converts to the person's own use the personal identification of another person."). On appeal, defendant argues that he possessed both $1,000 checks at the same time and that the state failed to establish any evidence of a sufficient pause in his criminal conduct. The state concedes that the error qualifies as plain error and that the trial court erred by failing to merge Counts 2 and 4.

Unlike defendant's merger argument related to his convictions for forgery, there is no evidence in the record to suggest that his possession of the checks was separated by any time at all, much less a pause sufficient to prevent merger. Thus, we agree with the parties' arguments, accept the state's concession, and exercise our discretion to correct the error. *See State v. Benson*, 309 Or App 422, 440, 483 P3d 689 (2021), *aff'd*, 370 Or 58, 514 P3d 491 (2022) (accepting the state's concession, exercising discretion to correct the trial court's plain error for failing to merge guilty verdicts, and explaining that it was appropriate to exercise discretion to correct the plain error because of the gravity of the error, no indication that the defendant declined to object for strategic reasons, and the minimal burden on the judicial system to resentence the defendant). Accordingly, we remand to the trial court to merge the guilty verdicts on Counts 2 and 4 and for resentencing. Based on that disposition, we need not address defendant's final assignment of error regarding the court's downward durational departure on his sentence for Count 3 because that argument can be addressed, if necessary, at the resentencing hearing. *See, e.g.*, *State v. Parham*, 302 Or App 179, 180, 456 P3d 690 (2020) (explaining that remanding for resentencing obviated the need to address the defendant's remaining claims of sentencing errors "because the issues they concern may not arise on remand").

Convictions on Counts 2 and 4 reversed and remanded for entry of judgment of conviction for one count of identity theft; remanded for resentencing; otherwise affirmed.