No. 614          July 9, 2025          741

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PATRICK MICHAEL PALUDA,
*Defendant-Appellant.*

Washington County Circuit Court
18CR42276, 18CR08523; A178466 (Control), A178467

Janelle F. Wipper, Judge.

Argued and submitted May 15, 2025.

Rond Chananudech, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Elise Kate Josephson, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kate E. Morrow, Assistant Attorney General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals his convictions for strangulation, ORS 163.187, attempted second-degree assault, ORS 163.175, and fourth-degree assault, ORS 163.160, following a jury trial. On appeal, defendant assigns two errors: (1) he contends that the trial court erred by not providing the jury with the witness-false-in-part (WFIP) instruction because the victim, G, contradicted her testimony; and (2) he argues that double jeopardy prohibited retrial. We affirm.

This appeal stems from two consolidated cases. First, in January 2018, defendant and G, who were romantically involved and lived together, were driving on a freeway when they began to argue and defendant punched G in the head. Defendant then pulled up to an exit and "pushed" G out of the vehicle. For that conduct and as relevant to this appeal, defendant was convicted of fourth-degree assault (Count 1). The second incident occurred a few months later. After an argument with defendant, G attempted to leave their house. Defendant refused to let her leave, and G testified that after defendant sprayed her with hot water from the kitchen faucet, she threw a vase at defendant. Defendant then punched G in the face and strangled her. A neighbor overheard that commotion and called the police. For that conduct and as relevant to this appeal, defendant was convicted of second-degree assault (Count 3) and strangulation (Count 5).

Defendant appealed those convictions, among other convictions, because Counts 1, 3, and 5 were not unanimous jury verdicts. *State v. Paluda*, 307 Or App 834, 479 P3d 345 (2020). We reversed and remanded those three convictions on that basis and affirmed defendant's other convictions. *Id*. Prior to the retrial, defendant moved to dismiss those counts, arguing that double jeopardy under the state and federal constitutions prevented the re-prosecution of those offenses. The trial court denied that motion.

At trial, G's testimony about the vase throwing incident—which formed the basis for Count 3—was inconsistent with other evidence, including G's own statements. G testified that defendant threw two vases at her. That testimony

was contradicted in three different instances. First, during defendant's first trial, G testified that *she* threw the vase at defendant. Second, immediately after the incident, G told police that she and defendant each threw vases at the same time, and those vases collided in midair. And third, in a jailhouse recording between G and defendant, she stated that she threw the vase at defendant.

After both parties rested, defense counsel argued that a WFIP instruction was warranted because "there is evidence that a witness has * * * lied under oath." The trial court declined to provide the instruction, reasoning that defense counsel's argument is "better addressed in the evaluating witness testimony instruction." Ultimately, the jury convicted defendant of attempted second-degree assault (the lesser-included offense of second-degree assault, which was based on the theory that defendant threw the vase at G), strangulation, and fourth-degree assault.

In his first assignment of error, defendant contends that the trial court erred in refusing his request for a WFIP instruction. *See* ORS 10.095(3) (the jury is "to be instructed by the court on all proper occasions * * * [t]hat a witness false in one part of the testimony of the witness may be distrusted in others"). On appeal, defendant identifies three statements from G that warranted that instruction. The state responds that, because defendant did not identify any witness or statements justifying the instruction to the trial court, his argument is unpreserved. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * * ."). We agree with the state that defendant's argument is unpreserved.

The "'proper occasion' to give the [WFIP] instruction exists when, considering the testimony and other evidence *a party has brought to the court's attention* in support of the requested instruction, the trial court concludes that sufficient evidence exists for the jury to decide that at least one witness consciously testified falsely and that the false testimony concerns a material issue" *State v. Payne,* 366 Or 588, 600, 468 P3d 445 (2020) (quoting ORS 10.095(3) (emphasis added)). We have interpreted that emphasized

phrase as limiting our review to evidence of inconsistencies that were identified to the trial court, and we do not consider inconsistencies raised for the first time on appeal. *See, e.g.*, *State v. Gocan*, 315 Or App 222, 228 n 2, 500 P3d 85 (2021), *rev den*, 369 Or 211 (2022) (declining to address other inconsistent statements by a witness because the defendant did not identify those statements to the trial court in support of the WFIP instruction); *State v. Welt*, 309 Or App 762, 763, 483 P3d 56 (2021) (declining to address the defendant's argument on appeal because he identified "a different basis on which to give the [WFIP] instruction" not put forth to the trial court).

In light of that case law, defendant did not preserve his argument. After both parties rested, defense counsel argued that the WFIP instruction was warranted because:

> "I think at this point, there is evidence that a witness has, the jury could find, lied under oath, whether previously or at this time. And as a result, it is warranted to give the instruction that if you find that they lied, you may take that to consider the weight of the remainder of their testimony."

The court responded that defense counsel "can make an argument, if [he] want[s] to." The state then asserted that no witness had testified falsely. The trial court replied, "[w]hat I'm hearing the Defense saying is the reason for this requested instruction in this Court's opinion is a credibility question. And that is *** better addressed in the evaluating witness testimony instruction." That was the extent of the discussion regarding the WFIP instruction; defense counsel made no further argument.

Defendant's argument to the trial court—"that a witness has *** lied under oath"—did not present the trial court with the opportunity to address his current argument—that G's inconsistent testimony based on the three specified instances warranted the WFIP instruction. Because defendant did not identify which witness was false in part nor any testimony or evidence that warranted the WFIP instruction, he did not preserve his argument on appeal. *See State v. Hall*, 324 Or App 802, 810, n 4, 526 P3d 815 (2023) (explaining that the defendant's argument on appeal—identifying inconsistent witness testimony during

trial—was not preserved because he did not identify that witness testimony to the trial court).

Nevertheless, defendant contends that the trial court would "not be taken aback to find itself reversed on this issue" because defendant challenged G's credibility through identifying inconsistencies during cross-examination and referencing those inconsistencies during closing argument. However, the trial court is not required to sift through the events at trial to justify defendant's request, nor are we in a position to review a rationale for a request that was not presented to the trial court. *See State v. Bray*, 363 Or 226, 246, 422 P3d 250 (2018) (explaining that a reviewing court's "role is to decide disputes that were presented below"). If a general request for a WFIP instruction preserved all possible justifications for that request, then parties could be incentivized to avoid specificity in order to leave room for future appellate counsel to identify additional inconsistencies in the record. *See, e.g.*, *State v. Skotland*, 372 Or 319, 327, 549 P3d 534 (2024) (observing that in some "instances, preservation may require a deeper explanation of the law with supporting argument"). That practice prevents the development of the record and frustrates the trial court's opportunity to fairly assess a party's argument. *See Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) (explaining that "[p]reservation gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made"). Instead, when a party identifies the evidence of inconsistencies with a witness's testimony to the trial court, the appellate court reviewing the argument has a clear understanding *why* the trial court declined to provide the WFIP instruction. *See State v. Mendoza-Lopez*, 291 Or App 292, 294-95, 419 P3d 761 (2018) (explaining that preservation "is required to advance goals such as ensuring that the positions of the parties are presented clearly to the initial tribunal," "which aids the trial court in making a decision and the appellate court in reviewing it" (internal quotation marks omitted)).

Because the circumstances in this case lack that specificity, we conclude that the principles of preservations were not met, and defendant's argument is unpreserved.

Defendant does not seek review of the unpreserved error as plain, and we will ordinarily not undertake that analysis "unless an appellant has explicitly asked us to do so." *State v. McIntire*, 328 Or App 328, 335, 537 P3d 608 (2023), *rev den*, 327 Or 26 (2024) (internal quotation marks omitted). Therefore, we reject defendant's first assignment of error.

In his second assignment of error, defendant contends that the trial court erred in denying his motion to dismiss the retried counts on double jeopardy grounds. As noted above, in defendant's first trial, he was found guilty of fourth-degree assault (Count 1), second-degree assault (Count 3), and strangulation (Count 5). We reversed Counts 1, 3, and 5 because the jury returned nonunanimous verdicts and remanded defendant's other counts for resentencing. *Paluda*, 307 Or App at 835-36. Prior to the retrial, defendant moved to dismiss, contending that double jeopardy, under the state and federal constitutions, prevented the prosecution of those offenses. The trial court denied that motion, and defendant renews his argument from below.

Whether successive prosecution violates the double jeopardy clauses of the state and federal constitutions is reviewed for legal error. *State v. Fore*, 185 Or App 712, 716, 62 P3d 400 (2003). Defendant contends that entry of the judgment related to resentencing counts "bifurcated" those "resentenced counts from the retried counts." Thus, according to defendant, "former jeopardy provisions barred the state from prosecuting defendant" for Counts 1, 3, and 5 because, "[w]hen charges in a case are bifurcated and two separate trials are held," jeopardy attached to the first trial. The state responds that the trial court's "resentencing followed by a retrial is not a successive prosecution that implicates" the jeopardy concerns. We agree.

Article I, section 12, of the Oregon Constitution provides: "No person shall be put in jeopardy twice for the same offence." Similarly, ORS 131.515(2) provides that "[n]o person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of the commencement of the first prosecution." However, a

"previous prosecution is not a bar to subsequent prosecution when the previous prosecution was properly terminated *** by an appeal upon judgment of conviction[.]" ORS 131.525(1).

The proceedings in this case—defendant's first trial, his first appeal, and the resentencing and limited retrial—were a continuation of the initial prosecution. Jeopardy attached during defendant's first trial and continued throughout the appeal. The state's *re-prosecution* was not a successive prosecution in which jeopardy attached because the retrial was based on the nonunanimous convictions that were reversed in the first appeal. *See State v. Clyde*, 328 Or App 222, 227, 537 P3d 170 (2023), *rev den*, 371 Or 825 (2024) (explaining that "if the jury's inability to reach a verdict is not the result of prosecutorial or judicial misconduct—neither of which is implicated in [a nonunanimous jury verdict]—a retrial does not violate former jeopardy" (internal quotation marks omitted)).[1]

Affirmed.

---

[1] Defendant also argues that the retrial violated his double jeopardy rights under the Fifth Amendment to the United States Constitution because the elements of assault and strangulation offenses are the same. *See United States v. Dixon*, 509 US 688, 696, 113 S Ct 2849, 125 L Ed 2d 556 (1993) (explaining that "the double jeopardy bar applies if the two offenses for which the defendant is punished or tried cannot survive the 'same-elements'" test). However, for the same reason explained above, the limited retrial did not implicate double jeopardy concerns under the federal constitution.