No. 657 July 23, 2025 119

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARL WESLEY SANDBERG,
*Defendant-Appellant.*

Marion County Circuit Court
19CR59298; A182558

Jennifer K. Gardiner, Judge.

Submitted June 24, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant. Carl Wesley Sandberg filed the supplemental brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

## KAMINS, J.

Defendant appeals his convictions for arson in the first degree and aggravated animal abuse in the first degree, after he set a fire to a home. He assigns seven counseled assignments of error. In his first two assignments of error, he contends that the trial court erred in denying his motion of acquittal (MJOA) on the arson charge and the aggravated animal abuse charge. In assignments of error three through seven, defendant challenges restitution for property damages as a result of defendant's fires. We also reject defendant's two supplemental assignments of error. We therefore affirm.

In his first assignment of error, defendant contends that the trial court erred in denying his MJOA on the arson charge. He does not dispute that a fire was intentionally set; instead, he argues that the evidence did not permit a reasonable inference that *he* started the fire, because the state relied on "entirely circumstantial" evidence. *See* ORS 164.325 (requiring that a defendant intentionally start a fire to be convicted of arson in the first degree). We review "the denial of a [MJOA] to determine whether, viewing the facts and all reasonable inferences that maybe drawn therefrom in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Powe,* 314 Or App 726, 728-29, 497 P3d 793 (2021).

The evidence, though circumstantial, supports the reasonable inference that defendant started the fire. Security cameras outside of a burglarized, burnt residence captured defendant's truck at the time of the fire. Defendant was also in possession of stolen items from that residence. A fire investigator concluded that the fire was intentionally set because two independent fires occurred in the house and those fires were not near any heat source or electrical wires. From that evidence, viewed in the light most favorable to the state, a factfinder could reasonably infer that defendant intentionally started the fire. *See State v. Fasai*, 333 Or App 724, 727, 553 P3d 566 (2024) (explaining that circumstantial evidence supported the defendant's forgery conviction where the record contained evidence that "the victim's checks were

blank when they were stolen, that [the] defendant had the checks in his possession, and that they were completed when [the] defendant provided" those checks to an acquaintance). Accordingly, we conclude that the trial court did not err in denying defendant's MJOA.

In his second assignment of error, defendant contends that the state failed to prove that he "maliciously" killed a dog that died in the fire. ORS 167.322(3)(a) (2013), *amended by* Or Laws 2024, ch 41, §2 (defining "[m]aliciously" as "intentionally acting with depravity of mind and reckless and wanton disregard of life"). However, that argument is unpreserved. At trial, defendant moved for an MJOA, contending that the "level of proof is not high enough to submit" the arson and animal abuse "issues" to the jury based entirely on the theory that defendant was not responsible for starting the fire. He never argued that he did not act "maliciously." Accordingly, defendant's argument challenging the sufficiency of the evidence as to the mental state is unpreserved. *See State v. Mendoza-Lopez*, 291 Or App 292, 294-95, 419 P3d 761 (2018) (explaining that preservation "is required to advance goals such as ensuring that the positions of the parties are presented clearly to the initial tribunal," "which aids the trial court in making a decision and the appellate court in reviewing it" (internal quotation marks omitted)). Defendant does not request plain error review, and we will not undertake that analysis unless we are explicitly asked to do so. *State v. McIntire*, 328 Or App 328, 335, 537 P3d 608 (2023), *rev den*, 327 Or 26 (2024). Accordingly, we reject defendant's second assignment of error.

In assignments of error three through seven, defendant challenges restitution for property damage resulting from the fires. Restitution "is to be awarded when a defendant has been convicted of a crime that results in economic damages to the victim and the state has presented evidence of those damages." *State v. Kamaunu*, 341 Or App 257, 260, ___ P3d___ (2025) (internal quotation marks omitted). We "review the trial court's imposition of restitution for legal error, remaining mindful that we are bound by the trial court's findings, including reasonable inferences, if they are supported by any evidence in the record." *State v. Pool*, 338

Or App 19, 20, 565 P3d 73 (2025) (internal citation marks omitted).

Assignments of error three through six pertain to the imposition of restitution to four different insurance companies. Defendant contends that the restitution amounts owed to the insurance companies were unreasonable. *See* ORS 31.705(2)(a) (explaining that recoverable economic damages mean "objectively verifiable monetary losses including but not limited to *** reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less"). However, those restitution amounts were supported by the evidentiary record. Each insurance company put forth invoices or records that contained an itemized breakdown of repair costs. Such evidence is presumed reasonable. *See* ORS 137.106(1)(c) (explaining that "[a]t a restitution hearing, economic damages will be presumed reasonable if the damages are documented in the form of a record, bill, estimate or invoice from a business"). Defendant did not rebut that presumption. Thus, the trial court did not err in imposing restitution to the insurance companies.

In his seventh assignment of error, defendant challenges the imposition of $250,000 in restitution amount to a church. He contends that the church was not entitled to, or that he rebutted, the presumption under ORS 137.106(1)(c) that the amount was reasonable. However, the state submitted a profit and loss statement and an email from a church employee, who testified at the hearing as to the expenses that were not reimbursed by insurance, to support the church's restitution amount. The trial court's determination was thus supported by evidence in the record. *Cf. Pool*, 338 Or App at 24 (concluding that the imposition of a restitution amount to replace a surfboard "was unsubstantiated by the record—as evinced by the court's own statement that '[i]t's unclear *** how much the repair would cost to repair the stab wounds in the board'"). Accordingly, we reject defendant's seventh assignment of error.

Defendant also advances two supplemental assignments of error. First, he contends that an officer "gave false testimony while testifying about his training" because,

according to defendant, the officer testified that he did not receive arson training even though the officer took one course at the International Association of Arson Investigators. However, assuming that would be a basis for relief, the record does not support that assertion. Second, defendant contends that the state committed a *Brady* violation by disposing of fire debris. The trial court considered that argument below and rejected it, concluding that the debris was not "material" or "potentially useful" because the debris undisputedly could not be used as evidence to demonstrate how the fire was started. That conclusion is supported by the record, and therefore, we conclude that the trial court did not err. *Cf. Tiner v. Premo*, 284 Or App 59, 79, 391 P3d 816, *rev den*, 361 Or 886 (2017) (explaining that the prosecution committed a *Brady* violation because it withheld impeachment evidence that was material to central issues at trial).

Affirmed.